JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HELEN LOUISE GOLAY, | Case No. CV 24-00600-RGK (DFM) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |
| v. | |
| STATE OF CALIFORNIA et al., | |
| Respondent(s). | |

## I.   INTRODUCTION

On January 19, 2024, Petitioner Helen Louise Golay, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges her 2008 conviction for first-degree murder and conspiracy to commit murder, entered in Los Angeles County Superior Court, Case No. BA306576. See id. at 2.

For the reasons set forth below, the Petition is dismissed without prejudice as an unauthorized second or successive petition.

## II.   PRIOR PROCEEDINGS

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action,

<u>Helen Louise Golay v. Warden</u>, No. CV 14-05087-RGK (JEM) (C.D. Cal. filed July 1, 2014).

In 2014, Petitioner filed a federal habeas petition challenging her 2008 conviction.[1] Petitioner's contentions were: (1) her claims should be heard despite any procedural default because she is actually innocent of the charged crimes; (2) trial and appellate counsel rendered ineffective assistance; and (3) trial counsel sexually harassed Petitioner, creating a conflict of interest that materially compromised her defense. <u>See</u> <u>Golay v. Warden</u>, No. CV 14-05087, 2016 WL 7046783, at *4 (C.D. Cal. Sept. 29, 2016), <u>report and recommendation adopted</u>, No. 2016 WL 7046583 (C.D. Cal. Dec. 2, 2016). The petition in that case was dismissed with prejudice on the merits. <u>See</u> <u>Golay</u>, No. 2016 WL 7046583, at *1. Petitioner appealed but then voluntarily dismissed her appeal. <u>See</u> <u>Golay v. Warden</u>, No. 16-56860, 2017 WL 6541247 (9th Cir. Apr. 4, 2017).

The instant Petition challenges the same conviction on similar grounds. <u>See</u> Petition at 2, 9.

## III.   DISCUSSION

The Court has a duty to screen habeas corpus petitions. <u>See</u> Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an

---

[1] Before filing the 2014 petition, Petitioner also filed a separate action in 2013, in which she requested a "Stay and Abeyance" pending exhaustion of her habeas claims in California courts. <u>See</u> <u>Helen Golay v. Warden</u>, No. CV 13-04703-RGK (VBK) (C.D. Cal. filed June 28, 2013). This action was dismissed for lack of jurisdiction because Petitioner had not actually filed a federal habeas petition. <u>See</u> Order, <u>id.</u> (July 5, 2013), Dkt. 4.

order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2; Mayle v. Felix, 545 U.S. 644, 656 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEPDA requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. See id. at 152. The court of appeals may authorize the filing of a second or successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

Here, the Petition is a second or successive petition challenging the same conviction at issue in Petitioner's 2014 habeas action, which was adjudicated on the merits and dismissed with prejudice. While Petitioner offers new documentary support for her habeas claims, see, e.g., Petition at 22 (witness affidavit stating, "This affidavit supersedes one of 12-15-2014"), this does not excuse her from the requirements of 28 U.S.C. § 2244(b)(3). Regardless of whether Petitioner can satisfy the requirements of 28 U.S.C. § 2244(b)(2), she must request and obtain authorization from the Ninth Circuit Court of Appeals before filing a second or successive petition. There is no indication in the record that Petitioner has obtained the requisite authorization from the

3

Ninth Circuit. The Court, therefore, lacks jurisdiction over the Petition. <u>See</u> 28 U.S.C. § 2244(b)(3); <u>Burton</u>, 549 U.S. at 152.[2]

## IV.   CONCLUSION

The Petition is dismissed without prejudice for lack of jurisdiction. If Petitioner wishes to make a second or successive application in this Court, she must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Date:  03/27/2024

_____
R. GARY KLAUSNER
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge

---

[2] Because the Court lacks jurisdiction over the Petition, the Court does not reach the issue of whether the Petition satisfies the exceptions set forth in 28 U.S.C. § 2244(b)(2).